UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 16-0494 DOC (JCG) | Date | March 18, 2016 |
|---|---|---|---|
| Title | *City of Newport Beach v. M/Y Bad Habit* | | |

| Present: The Honorable | **Jay C. Gandhi, United States Magistrate Judge** | |
|---|---|---|
| Kristee Hopkins | None Appearing | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY APPLICATION FOR ORDER AUTHORIZING ISSUANCE OF ARREST WARRANT SHOULD NOT BE DENIED**

### I. Background

On March 16, 2016, plaintiff City of Newport Beach ("Plaintiff" or "City") commenced a putative *in rem* action against M/Y Bad Habit ("Defendant Vessel"). According to Plaintiff's complaint ("Complaint"), [Dkt. No. 1], Defendant Vessel was impounded on October 23, 2010, after it was found "attached to a mooring without authorization" within the City. (Compl. at 2.) Evidently, Defendant Vessel is owned by Trent J. Wall ("Owner"), who was arrested in Utah on March 23, 2015, and remains in custody there. (Compl. at 2.) By letter dated November 12, 2010 ("November 2010 Letter"), Plaintiff allegedly advised Owner that he could retrieve Defendant Vessel upon payment to Plaintiff of certain towing and storage fees. (*Id.* at 3.) Thereafter, according to the Complaint, "[n]either [Owner] nor anyone on his behalf responded in any way to the [November 2010 Letter]." (*Id.*)

Now, in this putative *in rem* action against Defendant Vessel, Plaintiff seeks to recover accumulated storage fees of "not less than $83,161.80," under theories of "trespass by vessel," implied contract, and *quantum meruit*. (*Id.* at 2-4.) Additionally, Plaintiff has filed an "*Ex Parte* Application for Order Authorizing Issuance of a Warrant for Arrest of Defendant Vessel" ("Application"). [Dkt. No. 5.]

For the reasons discussed below, the Court preliminarily finds that the conditions for an *in rem* action do not appear to exist. *See* Fed. R. Civ. P. Supp. C(3)(a)(i). As such, the Court tentatively concludes that the Application should be denied. *See id.*

However, out of an abundance of caution, Plaintiff will be afforded an opportunity to respond to the Court's preliminary findings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 16-0494 DOC (JCG) | Date | March 18, 2016 |
|---|---|---|---|
| Title | *City of Newport Beach v. M/Y Bad Habit* | | |

**II.     Discussion**

    Pursuant to Supplemental Rule C(3)(a)(i) of the Federal Rules of Civil Procedure, when a plaintiff applies for an arrest warrant in connection with an *in rem* maritime action, the district court "must review the complaint and any supporting papers" to determine whether "the conditions for an in rem action appear to exist . . . ." Fed. R. Civ. P. Supp. C(3)(a)(i); *see also* C.D. Cal. Gen. Order 05-07 (referring applications for such warrants to magistrate judges).

    As a rule, "a maritime action *in rem* will be available only in connection with a maritime lien." *Hunley v. Ace Mar. Corp.*, 927 F.2d 493, 496 (9th Cir. 1991) (internal quotation marks omitted). And, importantly, the only maritime liens recognized today "are those created by statute and those historically recognized in maritime law." *Melwire Trading Co. v. M/V Cape Antibes*, 811 F.2d 1271, 1273 (9th Cir. 1987), *amended on other grounds*, 830 F.2d 1083 (9th Cir. 1987).

    Plaintiff advances several claims that purportedly give rise to a maritime lien against Defendant Vessel. The Court addresses each in turn below.

    A.     Provision of Necessaries

    First, Plaintiff contends that it holds a maritime lien because it has provided certain "necessaries" – namely, "wharfage services" – to Defendant Vessel. (Compl. at 3); [Dkt. No. 6 ("Weiss Declaration") at 3].

    Under the Federal Maritime Lien Act, "a person providing necessaries to a vessel *on the order of the owner or a person authorized by the owner* . . . has a maritime lien on the vessel [and] may bring a civil action in rem to enforce the lien . . . ." 46 U.S.C. § 31342 (emphasis added). The term "necessaries" is interpreted broadly "as anything that facilitates or enables a vessel to perform its mission or occupation." *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 305 F.3d 913, 923 (9th Cir. 2002). Here, the Court assumes *arguendo* that "wharfage services" constitute "necessaries" under § 31342. *See Crescent City Harbor Dist. v. M/V Intrepid*, 2008 WL 5211023, at *3 (N.D. Cal. Dec. 11, 2008) ("[W]harfage is considered a 'necessary' under maritime law . . . .").

    Importantly, however, Plaintiff fails to allege that it has provided such services "on the order of [Owner] or a person authorized by [Owner]." *See* 46 U.S.C. § 31342. Indeed, Plaintiff expressly alleges that neither Owner "nor anyone on his behalf responded in any way" to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 16-0494 DOC (JCG) | Date | March 18, 2016 |
|---|---|---|---|
| Title | *City of Newport Beach v. M/Y Bad Habit* | | |

Plaintiff's November 2010 Letter concerning the impoundment of Defendant Vessel.  (*See* Compl. at 3.)

As such, it appears that Plaintiff is not entitled to a maritime lien pursuant to the Federal Maritime Lien Act.[1]  *See* 46 U.S.C. § 31342; *Turner v. Neptune Towing & Recovery, Inc.*, 2011 WL 4542265, at *8 (M.D. Fla. Sept. 23, 2011) ("The towing services were not ordered by a person with authority to bind the vessel, and therefore, no maritime lien attached pursuant to § 31342.").

      B.      <u>"Trespass by Vessel"</u>

Next, Plaintiff claims that it holds a maritime lien because Defendant Vessel "has been trespassing on . . . waters under the jurisdiction of [Plaintiff]."  (Weiss Decl. at 2.)  In support, Plaintiff's counsel categorically asserts that "it is well established that the trespass of a vessel gives rise to a maritime tort lien against the offending vessel."  (*Id.* at 2.)

Notably, none of the six cases cited in ostensible support of this proposition even mentions a maritime *lien* (as opposed to potential maritime *claims*).  (*See id.* at 2-3.)  Rather, Plaintiff's counsel highlights a case advancing the lukewarm proposition that "[t]he legal concept of trespass . . . is to some extent recognized in admiralty."  *See In re Petition of N.Y. Trap Rock Corp.*, 1960 A.M.C. 429, 441 (S.D.N.Y. 1959).

Importantly, the Ninth Circuit has instructed that "[m]aritime liens must be construed *stricti juris*, and cannot be extended by construction, analogy, or inference."  *Melwire Trading*, 811 F.2d at 1273 (internal quotation marks omitted).

Because the Court finds no authority supporting the proposition that a purported claim for "trespass by vessel" gives rise to a maritime lien, Plaintiff's reliance on such a claim is unavailing.  *See id.* (noting that maritime liens are limited to "those created by statute and those historically recognized in maritime law").

---

[1] By way of comparison, in a recent *in rem* action maintained in the Southern District of California, Plaintiff's counsel represented a marina that had provided wharfage services to a defendant vessel pursuant to a written agreement.  *See Cal. Yacht Marina–Chula Vista, LLC v. S/V Opily*, 2015 WL 1197540, at *1 (S.D. Cal. Mar. 16, 2015).  In that action, Plaintiff's counsel declared that the marina had provided necessaries "at the specific request of [the vessel's] owner."  [*See Cal. Yacht Marina–Chula Vista, LLC v. S/V Opily*, S.D. Cal. Case. No. CV 14-1215, Dkt. No. 4, at 1-2.]  Tellingly, no such "request" is alleged here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 16-0494 DOC (JCG) | Date | March 18, 2016 |
|---|---|---|---|
| Title | *City of Newport Beach v. M/Y Bad Habit* | | |

Moreover, even if the Court found support for the purportedly "well established" rule advanced by Plaintiff's counsel – which the Court has not – Plaintiff would be required to explain how a vessel might continue to "trespass" on public waters more than five years after it was impounded by the City. (*See* Compl. at 3; Weiss Decl. at 2.)

C.     Remaining Claims

Finally, Plaintiff asserts claims against Defendant Vessel for implied contract and *quantum meruit*. (Compl. at 3-4.)

Plaintiff fails to cite, and the Court does not find, any authority indicating that either of these claims gives rise to a maritime lien. To the contrary: "Admiralty will entertain a claim for unjust enrichment, or, as it is sometimes called, quasi contract. *This claim does not however give rise to a lien. It is purely in personam.*" *Kane v. Motor Vessel Leda*, 355 F. Supp. 796, 801 (E.D. La. 1972) (citations omitted) (emphasis added); *see also Fed. Deposit Ins. Corp. v. Dintino*, 84 Cal. Rptr. 3d 38, 49 (Cal. Ct. App. 2008) (equating equitable remedy of *quantum meruit* with quasi-contract).

As such, neither of these claims appears to give rise to a maritime lien. *See Melwire Trading*, 811 F.2d at 1273.

**III.    Conclusion**

In light of the foregoing, the Court preliminarily finds that "the conditions for an in rem action" do not appear to exist. *See* Fed. R. Civ. P. Supp. C(3)(a)(i). As such, the Court tentatively concludes that the Application should be denied. *See. id.*

Accordingly, on or before **March 23, 2016**, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why the Application should not be denied. If Plaintiff maintains that the Application should be granted, Plaintiff **SHALL** specifically identify the statute or claim giving rise to Plaintiff's claimed maritime lien.

   **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 16-0494 DOC (JCG) | Date | March 18, 2016 |
|---|---|---|---|
| Title | *City of Newport Beach v. M/Y Bad Habit* | | |

cc: Parties of Record

|  |  | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Clerk | | kh | |